UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-against-

JIBRIL ADAMU, and JEAN-CLAUDE OKONGO LANDJI,

Defendants.

---

**ORDER**

(S1) 18 Cr. 601 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

    In October 2020, Defendants Jibril Adamu and Jean-Claude Okongo Landji filed pre-trial motions seeking a severance and the return of certain documents obtained by the Government in connection with their extradition from Croatia. Adamu further contended that the charges against him should be dismissed for lack of jurisdiction. (Apr. 29, 2021 Order (Dkt. No. 460) at 1)

    In its brief opposing Defendants' motions, the Government included the following factual allegations concerning alleged three October 2018 telephone calls between Defendant Cardona-Cardona and Adamu:

> Adamu, Cardona, and Fofana discussed over the phone their efforts to secure the sample of cocaine, which they had determined would consist of approximately one kilogram. Using thinly coded language, Cardona updated Adamu on the location of the cocaine sample, which needed to be delivered to Adamu and Landji in Africa before they flew to Croatia, and Adamu discussed the price of cocaine in Benin and Nigeria. Adamu affirmed that, other than receiving the awaited sample of cocaine, he and Landji were ready for the flight to Croatia.

(Govt. Opp. (Dkt. No. 364) at 9)[1]

---

[1] The page numbers referenced in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

On April 29, 2021, this Court issued an order denying Defendants' pre-trial motions. (Apr. 29, 2021 Order (Dkt. No. 460)) In its Order, the Court recounts the Government's factual allegations about the alleged October 2018 telephone calls:

> Cardona-Cardona discussed with Adamu the location of the cocaine "sample," and its delivery to Adamu and Landji in Africa prior to the flight to Croatia. Adamu confirmed with Cardona-Cardona that he and Landji were prepared for the flight to Croatia, and were merely waiting for delivery of the cocaine sample.

(Id. at 5)

Hours after the April 29, 2021 Order was issued, the Government submitted a letter retracting its "position" that Defendant Adamu had been a participant in the three October 2018 telephone calls. (Apr. 29, 2021 Govt. Ltr. (Dkt. No. 461) at 1) After Adamu's counsel informed the Government that Adamu intended to call an expert witness to challenge the Government's allegation that Adamu participated in these calls, the Government determined that Adamu was not in fact a participant. The Government further disclosed that Landji is not mentioned by name during these calls (id.), as the Government had represented in its opposition brief. (Govt. Opp. (Dkt. No. 364) at 9) Instead, one of the calls' participants references someone "who had a name similar to Landji." (Apr. 29, 2021 Govt. Ltr. (Dkt. No. 461) at 1) In sum, the Government's April 29, 2021 letter is entirely opaque about how the participants in the October 2018 calls relate to Adamu and Landji, if at all.

At conferences with each Defendant on May 3, 2021, the Court directed the Government to submit a letter addressing the effect, if any, of its April 29, 2021 disclosures on the outcome regarding Defendants' motions. (Dkt. No. 467) In a May 10, 2021 letter, the Government asserts that – even absent the alleged references to Adamu and Landji in the October 2018 telephone calls – this Court has jurisdiction over Adamu. (See Dkt. No. 476)

2

This Court agrees. Although the Court cited the alleged October 2018 telephone calls in its Order, the references to Adamu and Landji in connection with the October 2018 calls were not critical to the outcome of the motion to dismiss, or to the Defendants' other motions. As to the jurisdictional issue, the Government has proffered evidence that Adamu knowingly used a U.S.-registered airplane with a U.S.-based owner to transport cocaine. As discussed in the April 29, 2021 Order, given these circumstances, Adamu's prosecution in the United States does not violate due process. (Apr. 29, 2021 Order (Dkt. No. 460) at 18) Accordingly, although the Government's factual account – on which this Court relied – was not accurate, the factual change does not require a different outcome.

Dated: New York, New York
May 26, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge