UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -against-

JEAN-CLAUDE OKONGO LANDJI and JIBRIL ADAMU,

               Defendants.

**ORDER**

(S1) 18 Cr. 601 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        In October 2019, Defendants Jean-Claude Okongo Landji and Jibril Adamu were extradited from Zagreb, Croatia to face drug trafficking charges in the Southern District of New York. Defendants' arrest in Zagreb arose from their flight into Zagreb on an aircraft owned by Landji's aviation charter company. A kilogram of cocaine was found on board the plane. On the day of their extradition, Croatian National Police brought the Defendants to Zagreb airport with their luggage. Agents of the U.S. Drug Enforcement Administration ("DEA") were present to assist in the extradition, and these agents searched the Defendants' luggage and took custody of thousands of pages of documents. Certain of these documents contain privileged attorney-client and work product material.

        On August 9, 2021, Defendants moved for a <u>Kastigar</u> hearing concerning the Government's seizure and handling of Defendants' documents. (Dkt. No. 508, 519, 520) The Court conducted an evidentiary hearing on September 9, September 14, and October 8, 2021.

        Citing the Sixth Amendment, <u>Kastigar</u> and its progeny, and this Court's supervisory powers, Defendants seek dismissal of the indictment, disqualification of DEA and U.S. Attorney's Office personnel who were exposed to Defendants' privileged documents, or

preclusion of evidence developed after Defendants' extradition. (Def. Post-Hrg. Br. (Dkt. No. 554) at 36)

Having conducted a hearing over three days, and having carefully reviewed extensive briefing from the parties, the Court concludes that there is no evidence that any DEA or U.S. Attorney's Office personnel read any of Defendants' privileged materials. While DEA agents glanced at Defendants' documents in the process of seizing them at Zagreb airport, and while agents scanned Defendants' documents in preparation for the Government making them available to defense counsel in discovery, there is no evidence that Defendants' documents were read during the seizure and scanning process. There is also no evidence that U.S. Attorney's Office and DEA personnel took any investigative steps based on Defendant's documents; that the Government's litigation strategy was affected by review of Defendant's documents; or that the Defendants were prejudiced by the U.S. Attorney's Office and DEA personnel's access to their privileged documents.

Because the Government had to set forth its evidence in seeking Defendants' extradition, the nature of its proof prior to extradition is clear. In addition to the taking of Adamu's post-arrest statement – which is unrelated to the seizure of Defendants' documents – the Government's post-extradition investigative steps consist of (1) obtaining the cockpit voice recorder from the aircraft flown into Zagreb airport; (2) interviewing Curtis Seal, who was on the flight to Zagreb with Landji and Adamu; and (3) questioning co-defendant David Cardona-Cardona at proffer sessions.

The cockpit voice recorder was obtained at defense counsel's request. Seal was an obvious witness given his presence onboard the aircraft with Landji and Adamu. And Cardona-Cardona – as a prominent narco-terrorist, and leading international drug trafficker –

was of obvious investigative interest.  Indeed, he was a "priority target" for the DEA, which had spent more than two years trying to apprehend him.  The Court concludes that none of these post-extradition investigative steps were related to or affected by the Government's seizure and access to Defendants' privileged documents.

Accordingly, Defendants' motion for an order dismissing the indictment and for lesser sanctions is denied.  The Court's reasoning will be explained in much greater detail in a forthcoming opinion.

Dated: New York, New York
       October 12, 2021

SO ORDERED.

*Paul G. Gardephe* (signature)

Paul G. Gardephe
United States District Judge